ON WRIT OF CERTIORARI

PIERCE, Justice, for the Court:
¶ 1. This case comes before the Court from the Mississippi Court of Appeals, which found on appeal that the City of Jackson was not immune from liability under the Mississippi Tort Claims Act, because its duty to maintain the municipal sewage system was a ministerial function as set forth by its own 1977 Subdivision Ordinance. The City petitioned for certio-rari and asserts that the Court of Appeals erred because: (1) it did not properly apply portions of the Mississippi Tort Claims Act; (2) it misconstrued the purpose of Mississippi Code Section 21-27-189; and (3) it erroneously applied a city ordinance retroactively. Because municipalities are immune from liability for discretionary functions under the Mississippi Tort Claims Act, we reverse the decision of the Mississippi Court of Appeals and reinstate and affirm the judgments of the Hinds County Circuit Court.
FACTS
¶ 2. The homes of James and Linda For-tenberry and Flynn and Kathleen Wallace were built in the 1960s in a subdivision that was suited with six-inch clay drainage pipes for the sewage system. In 1971, the subdivision was annexed by the City of Jackson (“City”), and later, the City passed a Subdivision Ordinance in 1977 (the “Ordinance”), which mandated that the sewage pipes installed in the City measure eight inches in diameter. The sewage system in this neighborhood is the subject of both cases.
¶ 3. On different dates in April 2003, raw sewage flooded each family’s home. Specifically, the Fortenberry home flooded with sewage through its toilets and bathtubs to a depth of six to eight inches. When the Fortenberry home flooded, the Jackson area had received 7.38 inches of rain. City workers, responding to a complaint submitted by the Fortenberrys, found that the City’s sewer main had overflowed because of the large amount of rainwater and that the owner’s cleanout was not working. Almost three weeks later, the Wallace home flooded to a depth of one foot. On the day their home flooded, the Jackson area had sustained 3.24 inches of rain. After investigation, City workers found and then cleared a blockage in the sewer line that was causing it to choke.
¶ 4. Due to the flooding, the Fortenber-rys and the Wallaces unsuccessfully submitted claims to the City. Both families also filed claims with their respective insurers. The Fortenberrys received $6,700 from their insurer, but the Wallaces received nothing from their insurer. Both families filed suit in Hinds County Circuit Court against the City, seeking damages for their losses. The City moved for summary judgment in both cases, asserting that the City was immune from liability under the Mississippi Tort Claims Act (“MTCA”), and both claims were dismissed. The Hinds County Circuit Court, First Judicial District, found that, because the operation and maintenance of the City’s sewage system was a discretionary function, the City was immune from liability under the MTCA, granting summary judgment to the City.
¶ 5. Both families timely appealed. The Court of Appeals combined their cases, as *1199 the issues are the same and involve similar facts. In Fortenberry v. City of Jackson, the Mississippi Court of Appeals concluded that, under the Ordinance, the duty to operate and maintain the sewer system is ministerial rather than discretionary, thereby defeating the protection of the MTCA. Fortenberry v. City of Jackson, 71 So.3d 1211, 1217-18 (Miss.Ct.App.2010). The City unsuccessfully filed a motion for rehearing, and subsequently filed a writ of certiorari, which was granted by this Court.
DISCUSSION
¶ 6. Summary judgment should be granted only when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). This Court utilizes a de novo standard when examining a grant or denial of summary judgment. Evan Johnson & Sons Constr., Inc. v. State, 877 So.2d 360, 364 (Miss.2004) (citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 65 (Miss.1988)). “The trial court must carefully review all the evidentiary matters in the light most favorable to the non-moving party.” Id. (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983)). “When doubt exits whether there is a fact issue, the non-moving party gets its benefit. Indeed, the party against whom the summary judgment has been sought should be given the benefit of every reasonable doubt.” Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983) (citing Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013, 1015 (5th Cir.1967); Heyward v. Pub. Hous. Admin., 238 F.2d 689, 696 (5th Cir.1956)).
¶ 7. Review of a government entity’s immunity under the MTCA triggers de novo review, since immunity is a question of law. City of Jackson v. Harris, 44 So.3d 927, 931 (Miss.2010). The three issues before this Court will be discussed together as one, because the main issue before the Court is whether the City’s operation and maintenance of its sewer system is a discretionary or ministerial function. If it is discretionary, the City is immune under the MTCA.
A. The City’s operation and maintenance of its sewer system is a discretionary function, and neither state nor federal law causes that function to be ministerial.
¶ 8. The method of determining whether an act is discretionary or ministerial is well-settled. See Dancy v. East Miss. State Hosp., 944 So.2d 10, 16-17 (Miss.2006). A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee. See Miss. Dep’t of Mental Health v. Hall, 936 So.2d 917, 924-25 (Miss.2006); Poyner v. Gilmore, 171 Miss. 859, 158 So. 922, 923 (1935). However, a duty is ministerial if it is positively imposed by law and required to be performed at specific time and place, removing an officer’s or entity’s choice or judgment. Covington County Sch. Dist. v. Magee, 29 So.3d 1, 5 (Miss.2010) (quoting L.W. v. McComb Separate Mun. Sch. Dist., 754 So.2d 1136, 1141 (Miss.1999)). This Court employs the public-policy function test when determining whether an act of a governmental entity or its employee is discretionary. Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (Miss.1999) (citing U.S. v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)). Under this test, the Court must answer two questions: 1) did the conduct or activity involve an element of choice or judgment; and if so, 2) did that choice or judgment involve social, economic, or political policy? Dancy, 944 So.2d at 16.
*1200 1. Under the first prong of the public-function test, the City’s decision to operate and maintain its sewage system involved an element of judgment as provided by Mississippi Code Section 21-27-189(b).
¶ 9. The City asserts that its decision to operate and maintain the sewer system is a discretionary function as provided by statute. The statute on which the City relies reads in relevant part:
A municipality, as defined in Section 21-27-163, is authorized and empowered, in the discretion of its governmental authorities, to exercise the following powers and authority within the area and territories comprising the metropolitan area of which it is a part:
[[Image here]]
(b) To construct, operate and maintain sewage systems, sewage treatment facilities and sewage disposal systems in the manner and to the extent required by the metropolitan area plan.
Miss.Code Ann. § 21-27-189(b) (Rev.2007) (emphasis added)
¶ 10. In this case, Section 21-27-189(b) clearly allows the City to operate and maintain its sewage system according to its discretion, which alone would satisfy the first prong. However, the Fortenber-rys and the Wallaces assert that the City’s duty became ministerial once it undertook the obligation to operate and maintain the sewage system, and therefore, the City cannot escape liability through the MTCA. Both families provide cases in an attempt to support the proposition that, once the City employs its discretion, a ministerial duty arises to exercise ordinary care in the upkeep of the sewage system in order to provide reasonably safe conditions. See City of New Albany v. Barkley, 510 So.2d 805 (Miss.1987); City of Meridian v. Bryant, 232 Miss. 892, 100 So.2d 860, 862 (1958); City of Meridian v. Sullivan, 209 Miss. 61, 45 So.2d 851 (1950); Cain v. City of Jackson, 169 Miss. 96, 152 So. 295 (1934) City of Vicksburg v. Porterfield, 164 Miss. 581, 145 So. 355 (1933); Fewell v. City of Meridian, 90 Miss. 380, 43 So. 438 (1907); Tyler v. City of Bay St. Louis, 34 So. 215 (Miss.1903).
¶ 11. While the above-cited cases do involve allegedly negligent municipalities and consequent property damage, none addresses the difference between discretionary and ministerial functions. Despite the City’s alleged maintenance failures, this Court previously has held that failing to exercise ordinary care does not remove a governmental act from immunity under the MTCA. Collins v. Tallahatchie County, 876 So.2d 284, 289 (Miss.2004).
¶ 12. The Fortenberrys and the Wal-laces also rely on City of Jackson v. Internal Engine Parts Group, Inc., 903 So.2d 60 (Miss.2005). In Internal Engine, this Court decided that the City was negligent for failing to maintain a drainage ditch that had flooded the business of Internal Engine. Id. at 63. Even though that case is similar, it does not address the central issue. The neglected maintenance in Internal Engine was not covered by statute, but in this case, the City’s obligation to operate and maintain its sewage system is specifically made discretionary by statute. See Miss.Code Ann. § 21-27-189(b) (Rev. 2007). This Court previously has acknowledged that having a statute bolsters the discretionary distinction. See State for Use and Benefit of Brazeale v. Lewis, 498 So.2d 321 (Miss.1986); see also Coplin v. Francis, 631 So.2d 752, 754 (Miss.1994). In Internal Engine, the issue of whether the City’s decision was discretionary or ministerial was not a question, and here, that is the central question for the Court. Because the statute clearly permits the City to use its discretion, the Fortenberrys and the Wallaces cannot rely on the same *1201 negligence theory outlined in Internal Engine to support their claims.
¶ 13. While the Fortenberrys and Wal-laces further provide statements made by the City engineer and complaints made by themselves and/or their neighbors over the course of a three-year period, no authority supports their assertions that the statements and complaints can convert a statutorily designated discretionary function into a ministerial one. They cite Mississippi Department of Human Services v. S.W., in which the Court of Appeals had the difficult task of determining whether DHS was liable to a juvenile who had been sexually abused by the Department’s employees. Miss. Dep’t of Human Servs. v. S.W., 974 So.2d 258, 256 (Miss.Ct.App. 2007). There, we found that the use of a manual, which outlined preventive procedures, converted the discretionary functions of DHS into ministerial functions. Id. at 260. This case is different from S.W., because no authority or action converts the City’s decision from discretionary to ministerial.
¶ 14. The Court of Appeals looked to the 1977 Jackson Subdivision Ordinance, which required larger sewage pipes, to provide that authority, and determined that the City’s decision was a ministerial function rather than a discretionary function. In making that determination, the Court of Appeals relied on Mississippi Code Section 21-27-189(b) and (i)[1] for support. Fortenberry, 71 So.3d at 1217. However, Section 205 of the Ordinance clearly exempts subdivisions established before 1977.[2] See Jackson, Miss., Ordinances art. II § 205(4) (1977). Nothing in the record establishes that the subdivision in question is not legally established and recorded, nor is there any indication that this subdivision has been altered in any way since 1977.
¶ 15. The Court of Appeals also relied heavily on the testimony of David Willis, the City engineer, to determine that there was a genuine issue of material fact as to whether the City’s decision to operate and maintain its sewage system was discretionary or ministerial. Willis testified that sewer lines in the subdivision did not meet the minimum pipe size for sewer lines in the City, required by the Ordinance to provide for sufficient sewage flow through the City. However, as previously stated, the Ordinance does not apply to the subdivision where the Fortenberry and Wallace homes are located. Therefore, the minimum size requirements did not impose a duty upon the City to replace the sewer lines that service the Fortenberry and Wallace homes.
¶ 16. A discretionary function clearly granted by statute cannot be converted into a ministerial function without some factual basis that removes an officer’s and entity’s choice or judgment regarding its decision. The Ordinance, cited case authority, and the testimony of the city engineer all fail to persuade us on this point. Therefore, under the first prong of the public-policy function test, the City’s decision to operate and maintain its sewage system as it saw fit involved an element of choice or judgment as clearly was granted to it by the Legislature.
*1202 2. Under the second prong of the public-function test, the City’s exercise of its judgment provided by Mississippi Code Section 21-27-189(b) involved social, economic, and political policy.
¶ 17. U.S. v. Gaubert, from which we adopted our public-function test essentially considered the social, economic, and political policy components of this test under the umbrella of the more broad term “public policy,” stating that the Federal Tort Claims Act protects “governmental actions and decisions based on considerations of public policy.”[3] The City’s decision incorporates public policy, because the Legislature clearly has provided that municipalities can, in their discretion, decide to operate and maintain their sewage systems. See Miss.Code Ann. § 21-27-189(b) (Rev.2007). The Legislature is the best interpreter of public policy. See City of Starkville v. 4-County Elec. Power Ass’n, 909 So.2d 1094, 1106 (Miss.2005). Obviously, the Legislature believed that municipalities are better suited to make decisions with regard to operating and maintaining their sewage systems. Therefore, operating and maintaining a sewage system is an exercise of public policy. Once the City took on the sewage system, it could fairly operate and maintain its system throughout the City with its best interests in mind. See Coplin, 631 So.2d at 754-55.
¶ 18. Further, operating and maintaining sewage systems clearly implicate, specifically, both economic and social policy. First, operating and maintaining a sewage system affects social policy, because the City’s sewage must be removed to promote human welfare in the City. It is clear from the record that this was the City’s objective. Every time a complaint was made, the City investigated each claim and made repairs accordingly. It is undisputed that the City did fix problems when they arose. The record contains documentation indicating that the City workers went to both homes and unplugged the lines causing the flooding. Thus, it is clear that the City put forth an effort to promote human welfare by trying to solve problems as they arose.
¶ 19. Second, the City’s decision relates to economic policy, because the City must have the funds necessary to operate and maintain its sewage system. See Coplin, 631 So.2d at 755. The Fortenberrys and the Wallaces claim the City collects $ 20 million in sewage fees, which further supports the idea that the City’s decisions relate to economic policy. Municipalities regularly are faced with the tough decision to maintain and repair their sewage systems or to replace the systems and incur higher costs. In their attempts to be stewards of taxpayer dollars and sewage fees, municipalities often are forced to use their discretion in deciding to repair or replace their sewer lines.
3. Federal law does not cause the City’s decision to be ministerial.
¶ 20. The Court of Appeals also relied on Mississippi Code Section 21-27-163(m), which defines a “metropolitan area plan.” Fortenberry, 71 So.3d at 1216 (citing Miss.Code Ann. § 21-27-163(m) (Rev. 2007)). That section states:
“Metropolitan area plan” means a comprehensive plan for water quality management and the control and abatement of pollution within the metropolitan area, consistent with applicable water quality standards established pursuant to the Federal Water Pollution Control Act.
Miss.Code Ann. § 21-27-163(m) (Rev. 2007). This definition, in addition to statements made at oral argument, prompted the Court of Appeals to acknowledge fed *1203 eral law. The Court of Appeals chose not to reach so far as to find a material question of fact, but decided it was clear that the City’s duty was ministerial. Fortenberry, 71 So.3d at 1218-19. Because this Court finds that, under Mississippi law, the City’s decision to operate and maintain its sewage system is discretionary, this Court still must determine whether federal law transforms the City’s decision into a ministerial function. We find that it does not.
¶21. Argument was not provided on this issue, but as the Court of Appeals correctly points out, we can look to other legal authority, because de novo review applies. Id. The Federal Water Pollution Control Act (the “Act”) makes it unlawful to discharge sewage into the environment. See 33 U.S.C.A. §§ 1311(a)(1995) and 1362(6)(2008). However, the Act is a set of goals and policies of Congress, and it does not provide a set of standards that a municipality must follow in operating and maintaining its sewage system. See 33 U.S.C.A. § 1251(1987).[4] In fact, the Act defers to the states and their respective municipalities in deciding how to prevent and eliminate pollution. 33 U.S.C.A. § 1251(b). The plaintiffs made no allegations that the City was dispersing pollutants into the environment. Here, an aging sewer line backed up due to excessive rainwater and flooded two homes. Therefore, this Court must return to the regulations and guidelines as set forth by Mississippi regarding pollution.
¶ 22. As previously discussed, Mississippi law provides a municipality with discretion to operate and maintain its sewage system, but Mississippi has established an agency to monitor pollution, the Mississippi Department of Environmental Quality (“MDEQ”). The plaintiffs alleged no law or regulation established by the MDEQ which sets forth a specific procedure for operating and maintaining sewage systems. Moreover, no allegations were made that the City is in violation of any state or federal regulation or law or of any of its waste-removal and treatment permits. Accordingly, the City’s decision remains a discretionary function.
B. Liability under the MTCA for discretionary functions
¶ 23. The history of sovereign immunity in Mississippi shows that municipalities were not given immunity with regard to proprietary functions until recently.[5] Presley v. Miss. State Highway Comm’n, 608 So.2d 1288, 1291 (Miss.1992); see also Miss. Transp. Comm’n v. Rector, 663 So.2d 601, 602 (Miss.1995). This Court considers a municipality a political subdivision, which entitles it to the protections of the MTCA. Wayne Gen. Hos. v. Hayes, 868 So.2d 997, 1003 (Miss.2004). One of the protections with which a municipality can shield itself is the waiver-of-immunity exemption based upon the exercise of a discretionary function. See Robinson v. Indianola Mun. Separate Sch. Dist., 467 So.2d 911, 915 (Miss.1985); see also Miss.Code Ann. § 11 — 46—9(l)(d) (Rev. 2002). Therefore, when a municipality, such as the City, otherwise could be liable for a discretionary decision that resulted in damage to another, it is shielded from liability through the protections of the *1204 MTCA. See Harris ex rel Harris v. McCray, 867 So.2d 188, 189-90 (Miss.2003).
¶ 24. The City’s decision is discretionary because it meets both prongs of the public-policy function test. In addition, the decision made by the City to operate and maintain its sewage system was a discretionary function granted by statute. Therefore, the Court of Appeals’ decision relying on the Ordinance to find that the City had a ministerial duty to operate and maintain the sewage system at issue is misplaced. The City’s decision is discretionary under the principles of the public-policy function test, and the applicable statute allows the City to operate and maintain its sewer system according to its discretion and without rigid guidelines.
¶ 25. Applicability under any one of the provisions of Mississippi Code Section 11-46-9 provides immunity for a governmental entity and its employees. Miss.Code Ann. § 11-46-9 (Rev.2002); See State v. Hinds County Bd. of Supervisors, 635 So.2d 839, 842 (Miss.1994) (“the State cannot be held liable for damages if the conduct falls within one of the exceptions found in Miss.Code Section 11-46-9”) (emphasis added). The City’s argument that the Court of Appeals overlooked Mississippi Code Section 11 — 46—9(l)(b) is not necessary, because Section 11-46 — 9(l)(d) provides the City with immunity. Therefore, the Court finds that the City has immunity under Mississippi Code Section 11-46-9(l)(d) alone, without discussion of Mississippi Code Section 11 — 46—9(l)(b).
CONCLUSION
¶ 26. Because the City’s decision to operate and maintain its sewage system is discretionary, the MTCA applies with full force and purpose. Therefore, the City is immune from liability. There is no material question of fact in that regard, and summary judgment in the City’s favor is affirmed. Accordingly, we reverse the Court of Appeals and reinstate and affirm the ruling of the Hinds County Circuit Court.
¶ 27. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENTS OF THE HINDS COUNTY CIRCUIT COURT ARE REINSTATED AND AFFIRMED.
WALLER, C.J., CARLSON, P.J., AND DICKINSON, J., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR, KITCHENS AND CHANDLER, JJ.

. Mississippi Code Section 21 — 27—189(i) authorizes municipalities in their discretion to "adopt all necessary and reasonable rules and regulations to carry out and effectuate any waste treatment plan adopted for the metropolitan area.” Miss.Code Ann. § 21-27-189(i) (Rev.2007).

. "A subdivision legally established and recorded prior to the adoption of this Subdivision Ordinance, but only if there are no alterations of said subdivision, shall be exempt from the requirements of this Subdivision Ordinance.” Jackson, Miss., Ordinances art. II § 205(4) (1977) (emphasis added).

. U.S. v. Gaubert, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

. Mississippi Code Section 21-27-163(n) refers to the Act as 33 U.S.C.S. § 1151. However, the Act has been amended, and the numbering has been changed to 1251 rather than 1151. Miss.Code Ann. § 21-27-163(n) (Rev.2007).

. Proprietary functions are somewhat similar to discretionary functions. Proprietary functions are those not required by statute or law, giving the municipality freedom to carry out the function or not. Anderson, By and Through Doss v. Jackson Mun. Airport Auth., 419 So.2d 1010, 1014 (Miss.1982).