# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

No. 14-60664

FOUNTAINBLEAU MANAGEMENT SERVICES, L.L.C., a Louisiana limited liability company; EVERGREEN APARTMENTS, L.L.C., an Illinois limited liability company; EVERGREEN APARTMENTS, L.L.C., a Delaware limited liability company,

     Plaintiffs - Appellants

v.

CITY OF TUPELO; TUPELO POTW,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CV-157

Before JOLLY, HIGGINSON and COSTA, Circuit Judges.

PER CURIAM:*

After the district court granted summary judgment in this diversity case, the Mississippi Supreme Court issued two opinions that alter the law relevant to the disposition of this case. *See Boroujerdi v. City of Starkville*, No. 2012-CA-01458-SCT, 2015 WL 574802 (Miss. Feb. 12, 2015); *Brantley v. City of Horn*

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60664

*Lake*, 152 So. 3d 1106 (Miss. 2014). So long as the Mississippi state courts would apply these intervening state-court decisions retroactively, "it is the practice of this court to remand an issue to the trial court when there is a change in relevant state law during the pendency of an appeal."[1] *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 289 (5th Cir. 1987). Accordingly, we VACATE the district court's summary-judgment order and REMAND the case for review in the light of *Boroujerdi* and *Brantley* and for such further proceedings as the district court, in its discretion, may feel are necessary and appropriate.[2]

VACATED and REMANDED.

---

[1] The Mississippi state courts will almost certainly apply *Boroujerdi* and *Brantley* retroactively. *See Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (Miss. 2002) ("We have clearly held that newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation.").

[2] On remand, the district court may also wish to consider the parties' other arguments, including the statute-of-limitations issue and the question of whether Tupelo POTW is a legal entity capable of being sued.

2