# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-02104-SCT

*CITY OF MAGEE*

*v.*

*CONNIE D. JONES, DEVIN TYLER JONES, A*
*MINOR BY CONNIE D. JONES, ADULT AND*
*NEXT FRIEND; LAURIN JONES, A MINOR BY*
*CONNIE D. JONES, ADULT AND NEXT FRIEND;*
*AND KRISTEN JONES, A MINOR BY CONNIE D.*
*JONES, ADULT AND NEXT FRIEND*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/26/2013 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| TRIAL COURT ATTORNEYS: | EUGENE C. TULLOS |
| | L. CLARK HICKS, JR. |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | L. CLARK HICKS, JR. |
| | R. LANE DOSSETT |
| ATTORNEY FOR APPELLEES: | EUGENE C. TULLOS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | VACATED AND REMANDED - 04/23/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     In this interlocutory appeal, the City of Magee challenges the Simpson County Circuit Court's denial of its motion for summary judgment against Connie Jones, arguing that Jones's claim is barred by the discretionary-function provision of the Mississippi Tort Claims Act (MTCA). We vacate the trial court's denial of Magee's motion for summary judgment

and remand this case to the trial court for the parties to present evidence in light of this Court's new standard for applying discretionary-function immunity.

## FACTS & PROCEDURAL HISTORY

¶2. On or about January 5, 2007, raw sewage entered Connie Jones's house through a shower drain and flooded several rooms of the house. On March 27, 2008, Jones filed suit against the City of Magee ("Magee") and two unnamed defendants, claiming that Magee had negligently installed and maintained the sewage lines providing service to her home, causing the sewage overflow. Jones asserted that her family had suffered both property damage and physical illnesses as a result of Magee's negligence.

¶3. On February 10, 2011, this Court handed down its opinion in *Fortenberry v. City of Jackson*, 71 So. 3d 1196 (Miss. 2011), holding that a plaintiff's suit against the City of Jackson for negligent sewage-system maintenance was barred by the discretionary-function exception of the MTCA. In response to this decision, on October 1, 2013, Magee filed a motion for summary judgment,[1] arguing that *Fortenberry* had resolved a dispositive issue of law. Magee argued that Jones's suit was barred by the MTCA's discretionary-function exception under *Fortenberry* because her claim was based on acts of sewage-system maintenance.

---

[1] This was Magee's second motion for summary judgment. Magee also had filed a motion for summary judgment on December 8, 2009, prior to this Court's decision in *Fortenberry*. On February 12, 2010, after a hearing, the trial court issued an order summarily denying Magee's first motion for summary judgment.

¶4.    On November 26, 2013, after a hearing,[2] the trial court issued an order denying Magee's motion for summary judgment.  The trial court recognized that Section 21-27-189(b) of the Mississippi Code authorizes municipal authorities, in their discretion, to construct, operate, and maintain sewage systems.  *See* Miss. Code Ann. § 21-27-189(b) (Rev. 2007).  However, the trial court then held that, once Magee had chosen to operate a sewage system, it took on a ministerial duty to maintain the system properly.  Therefore, the trial court found that Magee's maintenance of its sewer lines failed the first prong of the public-policy function test adopted by this Court in *Jones v. Mississippi Department of Transportation*, 744 So. 2d 256 (Miss. 1999), because it did not involve an element of choice or judgment.

¶5.    On December 17, 2013, Magee filed with this Court a petition for interlocutory appeal and an emergency motion to stay the trial-court proceedings.  On January 16, 2014, this Court granted Magee's petition for interlocutory appeal and issued an order staying the proceedings in the lower court.  On appeal, Magee raises only one issue: whether the trial court erred in finding that Magee was not immune from suit under Section 11-46-9(1)(d) for its alleged acts and omissions concerning the maintenance of its sewer system.

## STANDARD OF REVIEW

¶6.    This Court reviews the application of the MTCA *de novo*.  *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (Miss. 2008).  A trial court's grant or denial of a motion for summary judgment also is reviewed *de novo*.  *Johnson v. Pace*, 122 So. 3d 66, 68 (Miss.

---

[2] A transcript of this hearing does not appear in the record.

3

2013). The evidence in the motion is viewed in the light most favorable to the party opposing the motion. *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

## DISCUSSION

¶7.     The sole issue before this Court is whether the trial court erred in holding that the discretionary-function exception of the MTCA did not provide Magee with immunity in this case. This exception, codified in Section 11-46-9(1)(d) of the Mississippi Code, provides:

> (1)     A governmental entity and its employees acting within the course and scope of their employment duties shall not be liable for any claim:
>
> . . .
>
> (d)     Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2012). Magee argues that the applicability of this provision to cases concerning sewage maintenance was conclusively decided in *Fortenberry v. City of Jackson*, 71 So. 3d 1196 (Miss. 2011). The trial court rejected Magee's reliance on *Fortenberry*, holding that once the defendant chose to operate a sewage system, it acquired a ministerial duty to maintain the system properly.

¶8.     In *Fortenberry*, this Court first addressed the issue of whether sewage-system maintenance is a discretionary function under the MTCA. The plaintiffs in *Fortenberry* sued the City of Jackson ("Jackson") after sewage overflows damaged their homes. *Id.* The trial court granted summary judgment to Jackson, finding that the maintenance of the city sewer

4

system was a discretionary function under the MTCA. *Id.* The Court of Appeals reversed, finding that a genuine issue of material fact existed as to whether Jackson had violated a local ordinance requiring sewage pipes to be a certain diameter. *Fortenberry v. City of Jackson*, 71 So. 3d 1211, 1217-18 (Miss. Ct. App. 2010). On certiorari review, this Court[3] reversed the Court of Appeals' decision and reinstated the trial court's grant of summary judgment to Jackson. *Fortenberry*, 71 So. 3d at 1204. This Court first looked to the statute authorizing municipalities to operate sewage systems, which provides, in part:

> A municipality, as defined in Section 21-27-163, is authorized and empowered, *in the discretion of its governmental authorities*, to exercise the following powers and authority within the area and territories comprising the metropolitan area of which it is a part:
>
> . . .
>
> (b)     To *construct, operate and maintain sewage systems*, sewage treatment facilities and sewage disposal systems in the manner and to the extent required by the metropolitan area plan.

Miss. Code Ann. § 21-27-189(b) (Rev. 2007) (emphasis added). This Court found that Section 21-27-189(b) expressly gave municipalities discretion in the operation and maintenance of their sewage systems. *Fortenberry*, 71 So. 3d at 1200. This Court then determined that the Court of Appeals had relied incorrectly on the local ordinance regulating sewage-pipe sizes to impose a ministerial duty, as that ordinance did not apply to the neighborhoods where the plaintiffs lived. *Id.* at 1201. This Court also found that the operation and maintenance of sewage systems necessarily involved economic and social-

---

[3] Justice Pierce authored the opinion of the Court, but this opinion garnered a majority vote in result only.

5

policy choices. *Id.* at 1202. Because the plaintiffs did not prove that Jackson had violated any statutes, regulations, or ordinances that would have converted the maintenance of its sewage system into a ministerial duty, the majority held that Jackson was entitled to discretionary-function immunity. *Id.* at 1203.

¶9. While Magee relies primarily on *Fortenberry* to support its claim that it is entitled to summary judgment in this case, this Court's analysis of the MTCA's discretionary-function exception has changed drastically since *Fortenberry* was decided. The *Fortenberry* Court analyzed the applicability of Section 11-46-9(1)(d) by applying a two-pronged public-policy function test, which required a determination of "whether the activity in question involved an element of choice or judgment, and if so, . . . whether that choice or judgment involved social, economic, or political-policy considerations." *See Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012). However, this test has since been overruled. *See Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1112 (Miss. 2014) (holding that Section 11-46-9(1)(d) applies to governmental functions, rather than acts, and does not limit immunity to decisions involving policy considerations). Because *Brantley* established a new test for determining the application of discretionary-function immunity, *Fortenberry* does not control our review of Magee's arguments on appeal.

¶10. Under the new test announced in *Brantley*, this Court must first determine whether the overarching governmental function at issue is discretionary or ministerial. *Id.* at 1114. "The Court then must examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty

6

a ministerial one, notwithstanding that it may have been performed within the scope of a broader discretionary function." *Id.* at 1115. To defeat a claim of discretionary-function immunity, a plaintiff must prove that an act done in furtherance of a broad discretionary function "also furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority." *Id.* This Court applied this new test to determine whether a city employee's act of negligently unloading a stretcher from an ambulance fell within the purview of Section 11-46-9(1)(d). *Id.* at 1116. This Court determined that the overarching function at issue, the provision of ambulance services, was rendered explicitly discretionary by statute. *Id.* (citing Miss. Code Ann. § 41-55-1). However, this Court also noted that many duties related to the overarching function are subject to ministerial regulations promulgated by the State Board of Health. *Id.* This Court remanded the case to the trial court for a determination of whether the plaintiff could prove that the defendant had violated a narrower ministerial duty within the otherwise discretionary function of providing ambulance services. *Id.* at 1118.

¶11. This Court's reasoning in *Brantley* is particularly instructive to the instant case, as the underlying circumstances in *Brantley* are analogous to those presented here. Just like the function of ambulance services in *Brantley*, the overarching functions of sewage-system construction, operation, and maintenance in this case are not imposed by any law. *See Montgomery*, 80 So. 3d at 795 (holding that a governmental function is discretionary if it is "not imposed by law and depends on judgment or choice of the government entity or employee."). On the contrary, Section 21-27-189 gives municipal authorities complete

7

discretion in exercising these functions.  *See* Miss. Code Ann. § 21-27-189(b) (Rev. 2007).

Thus, the overarching governmental functions in this case are discretionary under Section 11-46-9(1)(d).  However, there are numerous statutes and regulations that render various narrow duties related to sewage-system maintenance ministerial.  Jones points out that Section 21-27-189 requires municipalities to maintain their sewage systems "in the manner and to the extent required by the metropolitan area plan" and to "adopt all necessary and reasonable rules and regulations to carry out and effectuate any waste treatment plan adopted for the metropolitan area."  Miss. Code Ann. § 21-27-189(b),(i).  In addition, the Mississippi Department of Environmental Quality strictly regulates the issuance of permits required to operate wastewater-treatment facilities.  *See*, *e.g.*, Miss. Admin. Code. 11-6:1.1.4(A)(18).  These statutory and regulatory mandates are analogous to the Board of Health regulations in ***Brantley***, in that they create narrow ministerial duties within the broad discretionary function of sewage-system maintenance.

¶12.    Because this Court's rules for determining discretionary-function immunity have changed drastically during the pendency of this litigation, the interests of justice demand that this case be remanded for the parties to present evidence and arguments in light of the new test set out in this Court's holding in ***Brantley***.  On remand, Jones must present evidence that her claim arises out of Magee's performance or failure to perform an act which "furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority."  ***Brantley***, 152 So. 3d at

8

1115. If she cannot present such evidence, Magee is entitled to discretionary-function immunity.

## CONCLUSION

¶13. For the foregoing reasons, we vacate the trial court's denial of Magee's motion for summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

¶14. **VACATED AND REMANDED.**

**DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION**.

**PIERCE, JUSTICE, DISSENTING:**

¶15. I respectfully dissent. The only limitation in this case that could make a narrower action ministerial, even if it is performed pursuant to a generally discretionary statute, is the city's metropolitan plan. The City of Magee's metropolitan plan is two paragraphs.

¶16. Absent alleging a municipality's noncompliance with a regulatory statute, as brought out by the aggrieved parties, or the presence of a ministerial directive in a metropolitan plan, the operative statute makes maintenance discretionary. Moreover, absent a requirement to institute a comprehensive metropolitan plan, the majority fails to appreciate the purpose of the Mississippi Tort Claim Act's discretionary-immunity function to limit judicial "second-guessing" of the state Legislature.

¶17. Through Section 21-27-189(b), the Legislature has made explicitly clear that a municipality's treatment of sewage matters is discretionary–including the maintenance, or

9

lack thereof at issue in the instant case. *See* Miss. Code Ann. § 21-27-189(b) (Rev. 2007). It is also clear that compliance with federal and Mississippi Department of Environmental Quality (MDEQ) regulations is not optional. But, as was the case in ***Fortenberry v. City of Jackson***, 71 So. 3d 1196 (Miss. 2011), the plaintiffs in the instant matter failed to locate a federal or MDEQ regulation with which Magee was not compliant. In light of the fact that Magee's metropolitan plan does not make any additional acts ministerial, that is, beyond federal or MDEQ requirements, Magee is immune. Therefore, I would reverse the trial court's denial of summary judgment and render judgment in favor of Magee, finding Magee immune to liability in this case.