*1052 PIERCE, Justice,
dissenting:
¶15. I respectfully dissent.' The only limitation in this case that could make a narrower action ministerial, even if it is performed pursuant to a generally discretionary statute, is the city’s metropolitan plan. The City of Magee’s metropolitan plan is two paragraphs.
¶ 16. Absent alleging a municipality’s noncompliance with a regulatory statute, as brought out by the aggrieved parties, or the presence of a ministerial directive in a metropolitan plan, the operative statute makes maintenance discretionary. Moreover, absent a requirement to institute a comprehensive metropolitan plan, the majority fails to appreciate the purpose of the Mississippi Tort Claim Act’s discretionary-immunity function to limit judicial “second-guessing” of the state Legislature.
¶ 17. Through Section 21-27-189(b), the Legislature has made explicitly clear that a municipality’s treatment of sewage matters is discretionary-including the maintenance, or lack thereof at issue in the instant case. See Miss.Code Ann. § 21-27-189(b) (Rev.2007). It is also clear that compliance with federal and Mississippi Department of Environmental Quality (MDEQ) regulations is not optional. But, as was the case in Fortenberry v. City of Jackson, 71 So.3d 1196 (Miss.2011), the plaintiffs in the instant matter failed to locate a federal or MDEQ regulation with which Magee was not compliant. In light of the fact that Magee’s metropolitan plan does not make any additional acts ministerial, that is, beyond federal or MDEQ requirements, Magee is immune. Therefore, I would reverse the trial court’s denial of summary judgment and render judgment in favor of Magee, finding Magee immune to liability in this case.