# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

No. 16-60447

Lyle W. Cayce
Clerk

FOUNTAINBLEAU MANAGEMENT SERVICES, L.L.C., a Louisiana
Limited Liability Company; EVERGREEN APARTMENTS, L.L.C., an
Illinois Limited Liability Company; EVERGREEN APARTMENTS, L.L.C., a
Delaware Limited Liability Company,

>    Plaintiffs - Appellants

v.

CITY OF TUPELO; TUPELO POTW,

>    Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CV-157

Before STEWART, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiffs–Appellants own and operate Evergreen Square, a 257-unit apartment complex in Tupelo, Mississippi. Defendants–Appellees own and operate the public sewer that services Evergreen Square. After repeated sewage backups at Evergreen Square, Plaintiffs–Appellants sued Defendants–

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60447

Appellees, alleging that the backups were caused by Defendants–Appellees' negligence in designing, planning, constructing, and maintaining the public outfall sewer line. The district court granted summary judgment for Defendants–Appellees, concluding, in relevant part, that they enjoyed discretionary function immunity under the Mississippi Tort Claims Act. Finding no reversible error, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Evergreen Apartments, LLC[1] is the owner and Plaintiff Fountainbleau Management Services, LLC is the manager of Evergreen Square. The City of Tupelo and Tupelo POTW[2] (collectively, the City) own and operate the public outfall sewer line that services Evergreen Square pursuant to a National Pollutant Discharge Elimination System Permit (the NPDES Permit) issued by the Mississippi Department of Environmental Quality (MDEQ). The NPDES Permit incorporates a myriad of conditions from various state and federal water pollution control laws. In short, these conditions require the City to operate and maintain its sewage system in a manner that avoids discharge into waters of the state of Mississippi, the jurisdictional waters to which the Mississippi Water Pollution Control Law (the MWPCL) applies, and into navigable waters, the jurisdictional waters to which the federal Clean Water Act applies, unless that discharge meets secondary treatment standards.

In 2008, Evergreen Square experienced problems with sewage backups, leading Evergreen Square residents to file dozens of complaints with the City.

---

[1] Evergreen Apartments, LLC, a Delaware limited liability company, is the current owner of Evergreen Square, and Plaintiff–Appellant Evergreen Apartments, LLC, an Illinois limited liability company, was the owner from 2001 to 2005.

[2] Tupelo POTW is a publicly owned treatment works—that is, a municipal sewage system—and a subdivision of the City of Tupelo. The City asserted in the district court that Tupelo POTW was not a legal entity and, therefore, lacked the capacity to be sued. But the

No. 16-60447

In June, City inspectors met with Evergreen Square representatives about the backups, and instructed them to bring Evergreen Square up to code within 30 days by repairing or replacing their private sewer lines.  Evergreen Square (at least partially) complied with the City's directive, completing the repair or replacement of certain sewer lines in October.  The City asserts that these efforts cured the source of the backups, but the record indicates that Evergreen Square continued to experience backups.

After giving the City the required pre-suit notice, Plaintiffs initiated the instant suit on August 23, 2013, asserting, in relevant part, a claim for negligence under the Mississippi Tort Claims Act (MTCA) arising from the City's negligent "planning, developing, constructing, and/or maintaining the outfall sewer."[3]  According to Plaintiffs' expert engineer, the City's public outfall sewer line was impermissibly shallow, causing the slopes of Evergreen Square's private sewer lines to be insufficient or non-existent.  Additionally, the expert opined that the City's public outfall sewer line "surcharges and backs up into Evergreen Square's private line causing flooding," which Plaintiffs attributed to missing manhole covers, insufficient capacity in the outfall sewer line, and breaks in the line allowing intrusions of storm water during weather events.

On February 7, 2014, the City moved for dismissal or, in the alternative, summary judgment, asserting Plaintiffs' negligence claim was barred by, among other things, immunity pursuant to the MTCA's discretionary function

---

district court rejected this argument.  The City does not challenge that determination on appeal.

[3] Plaintiffs also asserted a claim for breach of contract predicated on an alleged violation of the NPDES Permit.  The district court dismissed Plaintiffs' breach of contract claim, and Plaintiffs have not pursued that claim on appeal.

exemption.[4]  Because both parties attached various non-pleading exhibits to their filings, the district court treated the City's motion as one for summary judgment and granted it on August 22, finding that Plaintiffs' negligence claim was, in fact, barred by discretionary function immunity.  This court vacated the grant of summary judgment on March 1, 2015, based on a "change in relevant state law during the pendency of [the] appeal." *Fountainbleau Mgmt. Servs., LLC v. City of Tupelo*, 599 F. App'x 207, 207 (5th Cir. 2015) (per curiam) (quoting *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 289 (5th Cir. 1987)).  This court directed the district court on remand to reconsider the City's motion for summary judgment in light of *Boroujerdi v. City of Starkville*, 158 So. 3d 1106 (Miss. 2015), and *Brantley v. City of Horn Lake*, 152 So. 3d 1106 (Miss. 2014), two recent Mississippi Supreme Court decisions construing the MTCA's discretionary function exemption.  *Id.*

On remand, the district court requested supplemental briefs addressing the change in the law regarding the MTCA's discretionary function exemption and its impact, if any, on the City's motion.  After receiving the supplemental briefing, the district court again granted summary judgment for the City, holding, in relevant part, that Plaintiffs' negligence claim was barred by discretionary function immunity.[5]  The district court found that, under the relevant changes in Mississippi law, "the discretionary immunity doctrine does

---

[4] The City also asserted that Plaintiffs' negligence claim was barred by the MTCA's one-year limitations period.

[5] The district court also held that (1) Plaintiffs' "negligent planning, design, and construction" claim was barred by the MTCA's one-year limitations period, and (2) the continuing tort doctrine applied to Plaintiffs' "negligent maintenance" claim and, thus, that claim was not barred by MTCA's one-year limitations period.  Plaintiffs argue that the district court erred in concluding that the doctrine of equitable estoppel did not apply to bar the City from invoking the statute of limitations defense.  The City counters that the district court erred in applying the continuing tort doctrine to Plaintiffs' negligent maintenance claim, and asks that we affirm on that alternative ground.  Because we conclude that the district court properly granted summary judgment on the issue of discretionary function immunity, we do not reach the statute of limitations issue.

not act as an absolute bar to claims for the negligent construction, design, planning, or maintenance of a sewer system." "But, to overcome discretionary immunity at the summary judgment stage," Plaintiffs were required to "identify an 'ordinance or regulation or permit requirement which would have rendered the City's inaction subject to a ministerial function.'" (quoting *Boroujerdi*, 158 So. 3d at 1114). According to the district court, "the statutes and regulations identified by Plaintiffs establish ministerial duties to ensure that discharges from [the City's] sewer system into navigable and state waters do not exceed certain limitations set forth in [the City's] NPDES [P]ermit and other state standards." However, the district court found that "Plaintiffs have offered absolutely no argument as to *how* these duties, which relate to managing discharges into navigable and state waters, were furthered by the alleged negligent acts related to the outfall sewer, which apparently resulted in flooding inside private structures." "In the absence of such an argument," the district court concluded that summary judgment was appropriate. Plaintiffs timely appealed.

## II.  STANDARD OF REVIEW

This court reviews a district court's order granting summary judgment de novo. *Guar. Bank & Tr. Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016) (per curiam). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Guar. Bank & Tr. Co.*, 820 F.3d at 794 (quoting *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014)). "[T]his court construes 'all facts and inferences in the light most

No. 16-60447

favorable to the nonmoving party.'" *Id.* (alteration in original) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)).

### III.  DISCRETIONARY FUNCTION IMMUNITY

Plaintiffs argue that the district court erred in holding that their negligence claim was barred by discretionary function immunity under the MTCA.  The MTCA waives sovereign immunity for the Mississippi state government and its officials from tort claims.  *See* Miss. Code Ann. §§ 11-46-1 to 11-4-23.  The MTCA, however, exempts certain claims from its waiver of immunity, including claims "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty."  *Id.* § 11-46-9(1)(d).  In *Brantley*, the Mississippi Supreme Court "abolish[ed]" the public-function test for determining whether governmental conduct was discretionary in nature so as to warrant immunity, finding that it was inconsistent with this statutory language.[6]  152 So. 3d at 1112.

In place of the public-function test, the Mississippi Supreme Court adopted the following two-step test for determining whether discretionary-function immunity applies.  *Brantley*, 152 So. 3d at 1114–15.  The first step requires courts to "consider the broadest function involved in order to make a baseline determination of whether the overarching function is discretionary or ministerial."  *Id.* at 1114.  Then courts "must examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty a ministerial one, notwithstanding that it may have been performed within the scope of a broader discretionary function."  *Id.* at 1115.

---

[6] Under the public-function test, Mississippi courts asked two questions: First, did the conduct or activity involve an element of choice or judgment? And if so, did that choice or judgment involve social, economic, or political policy?  *See, e.g.*, *Fortenberry v. City of Jackson*, 71 So. 3d 1196, 1199 (Miss. 2011).

No. 16-60447

"Because sovereign immunity attaches when the governmental function involved is discretionary," the Mississippi Supreme Court places "the burden of proving that the narrower function or duty at issue has lost its discretionary-function immunity" on the plaintiff. *Id.* Therefore, when a governmental entity acts in furtherance of a broader discretionary function or duty, discretionary function immunity applies, unless the plaintiff proves that the complained-of "act[s] also furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority." *Id.*[7]

In *Boroujerdi*, the Mississippi Supreme Court applied *Brantley*'s two-step test to claims of negligence in maintaining a public sewage system. 158 So. 3d at 1108, 1112. The court held that "sewer maintenance, as a general function, is discretionary" pursuant to section 21-27-189 of the Mississippi Code. *Id.* at 1112. The court, however, stated that was not the end of the inquiry and that it must also consider, "pursuant to our holding in *Brantley*, . . . whether there are narrower functions or duties concomitant to the general discretionary function of sewage maintenance that have been rendered ministerial through statute, ordinance, or regulation." *Id.* The court found that there were such ministerial functions or duties, noting that "[s]ewage systems must comply with the Federal Water Pollution Control Act . . . , a statute which makes it unlawful to discharge raw sewage into the environment." *Id.* The court further noted that the MDEQ "regulates the

---

[7] To illustrate, the *Brantley* court cited the operation of an airport. *Id.* at 1113–15. The government's decision to operate an airport may be discretionary; but once that decision has been made, the government must comply with federal security regulations. *Id.* at 1115. Thus, the operation of an airport is an overarching discretionary function that encompasses several narrower functions or duties, many of which, such as compliance with federal security regulations, are ministerial. *Id.* If the plaintiff proves his or her claim arises from the performance of, or failure to perform, an act in furtherance of those federal security regulations, then the government would not enjoy immunity. *Id.*

permits required to operate wastewater-treatment facilities and wastewater polluters," and requires permittees to "'at all times properly operate, maintain, and when necessary, promptly replace all facilities and systems . . . used by the permittee to achieve compliance with the conditions of this permit.'" *Id.* at 1113 (emphasis omitted) (quoting Miss. Admin. Code 11-6:1.1.4(A)(18)). Thus, the court concluded, "[s]everal functions and duties involved in sewage maintenance and operation are ministerial, *and* if a plaintiff can show that his or her injuries were caused by the government's act or failure to act in furtherance of one or more of such ministerial functions, that plaintiff can proceed with his or her claim." *Id.* (emphasis added).

Recognizing that its "treatment of discretionary function immunity changed significantly in consequence of *Brantley*"—a case that was decided during the pendency of the appeal—the *Boroujerdi* court concluded "that it would be patently unfair to affirm summary judgment in the City's favor without [the plaintiff] having an opportunity to conform his complaint and proof to this Court's current approach to discretionary function immunity." *Id.* at 1114. Accordingly, the case was remanded to allow the plaintiff an opportunity to "prove that the City's alleged inaction in repairing the sewage system was related to a more narrow function made ministerial by statute, ordinance, regulation, or other binding directive." *Id.*

In light of *Boroujerdi*, there is no dispute that the overarching function the City is performing in this case—sewer-system design, construction, and maintenance—is discretionary pursuant to section 21-27-189 of the Mississippi Code. *See id.* at 1113; *see also City of Magee v. Jones*, 161 So. 3d 1047, 1051 (Miss. 2015). Accordingly, the City was entitled to summary judgment on the basis of discretionary function immunity unless Plaintiffs (1) identified a statute or regulation that rendered a narrower function or duty ministerial and (2) showed that their claim arises out of the City's performance of, or

failure to perform, an act in furtherance of the identified function or duty. *Boroujerdi*, 158 So. 3d at 1114; *see also Jones*, 161 So. 3d at 1051.

The parties do not dispute that Plaintiffs have satisfied the first requirement—that is, Plaintiffs have identified statutes and regulations that impose ministerial duties on the City. They agree that the NPDES Permit conditions (and the water pollution control laws from which those conditions derive) impose a ministerial duty on the City to operate and maintain its sewer system "to ensure that discharges from [the City's] sewer system into navigable and state waters do not exceed certain limitations." But they dispute whether Plaintiffs have satisfied the second requirement—that is, whether Plaintiffs have shown that their negligence claim arises out of the City's performance of, or failure to perform, an act in furtherance of these narrow ministerial duties.

The district court rightly concluded that Plaintiffs failed to make that showing. In the district court, Plaintiffs discussed at length the Mississippi Supreme Court's recent holdings in, among other cases, *Brantley* and *Boroujerdi*, but failed to engage in any meaningful application of those holdings to their negligence claim. Significantly, Plaintiffs conceded that the only duty imposed by the NPDES Permit was to avoid discharges that did not meet secondary treatment standards into state waters (the jurisdictional waters to which the MWPCL applies) and navigable waters (the jurisdictional waters to which the Clean Water Act applies), but presented no evidence or even argument as to how their negligence claim implicated that narrow limitation on the City's overarching discretionary authority. Accordingly, the district court properly granted summary judgment in favor of the City. *See Boroujerdi*, 158 So. 3d at 1114; *Jones*, 161 So. 3d at 1051.

On appeal, Plaintiffs argue that the backups at issue threatened jurisdictional waters and, thus, implicated the duty imposed by the NPDES Permit to avoid discharges of untreated sewage into such waters. Plaintiffs,

however, never raised this argument to the district court (or even in their opening brief, reserving it for reply). In their initial briefing to the district court (but not their supplemental briefing on remand), Plaintiffs did make reference to the fact that the City's public outfall sewer line ran "on the eastern side of and parallel to a large drainage ditch that is a tributary of Kings Creek" and that Plaintiffs' private sewer lines were required to run, above ground, over that ditch to connect to the City's public outfall sewer line. But that reference was *not* made in connection with an argument that the ditch or Kings Creek were state or navigable waters. Accordingly, Plaintiffs' appellate argument was waived. *See, e.g.*, *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) ("An argument not raised before the district court cannot be asserted for the first time on appeal.").

The result, however, would be the same even if we considered this argument. On appeal, Plaintiffs cite almost exclusively to their pleadings to support their argument that the drainage ditch and Kings Creek are jurisdictional waters and that the backups at issue threatened those waters.[8] Although Plaintiffs could point to their pleadings to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), they were required to go beyond their pleadings and present actual evidence to avoid summary judgment under Rule 56. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (per curiam) ("The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary

---

[8] The only record evidence that Plaintiffs cite is the testimony of their expert that "[s]pills of raw sewage have contaminated the Evergreen [S]quare . . . property." (first alteration in original). But that testimony, standing alone, is insufficient to defeat the City's motion for summary judgment. As this court has explained, a non-movant cannot avoid summary judgment with only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (citations and internal quotation marks omitted).

judgment."); *see also Jones*, 161 So. 3d at 1051 (recognizing that, to defeat summary judgment, the plaintiff "must present *evidence* that her claim arises out of [the defendant's] performance or failure to perform an act which 'furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority'" (emphasis added) (quoting *Brantley*, 152 So. 3d at 1115)).[9]

In apparent recognition of the fact that they did not provide sufficient evidence to defeat summary judgment on the City's assertion of discretionary function immunity, Plaintiffs request that we remand the case to allow them to "conduct discovery and conform their proof to the new discretionary function paradigm as has been allowed by the Mississippi Supreme Court in *Boroujerdi* and its progeny." Plaintiffs' argument, however, ignores two critical facts. First, this court has already remanded Plaintiffs' case in light of *Boroujerdi*. And second, Plaintiffs did not argue on remand that additional discovery was necessary, much less show that by "affidavit or declaration," as required by Federal Rule of Civil Procedure 56(d). Thus, Plaintiffs were already given the opportunity that the Mississippi Supreme Court gave the *Boroujerdi* plaintiff to conduct discovery and conform their proof to the new discretionary function paradigm, but elected not to avail themselves of that opportunity. We decline their request for another opportunity.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[9] Plaintiffs did not and do not challenge the district court's decision to treat the motion as one for summary judgment. Accordingly, their reliance on *Crum v. City of Corinth*, 183 So. 3d 847 (Miss. 2016)—a case involving a motion to dismiss under Mississippi's analog to Federal Rule of Civil Procedure 12(b)(6)—is misplaced.