KITCHENS, Justice,
for the Court:
111. Alesa Dawn Crum's home in Corinth, Mississippi, was flooded with back-flowed sewage twice. Crum filed suit against the City of Corinth, alleging damages as a result of the City’s negligent maintenance of its sewage system. The Alcorn County Circuit Court granted the City’s motion to dismiss Crum’s complaint, finding that the City was immune under the discretionary-function exemption of the Mississippi Tort Claims Act (MTCA). Crum appeals, arguing that the City is not entitled to discretionary-function immunity. Because we find that the trial court erred in dismissing Crum’s complaint, we reverse the judgment and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY

¶2. Around March 30, 2012, during heavy rains, the Corinth, Mississippi, home of Alesa Dawn Crum was flooded with approximately twelve inches of sewage over a period of about six hours. On April 28, 2012, Crum filed a complaint with the Mississippi Department of Environmental Quality (MDEQ) regarding the overflow. MDEQ investigator Lynne Bur-rell traveled to Crum’s home in Corinth to investigate the incident on May 4, 2012. Burrell’s investigation revealed that the overflow possibly had been caused by root growth in the manhole into which Crum’s sewage service line emptied.
¶ 3. In the early morning of May 7, 2012, sewage overflowed a second time into Crum’s home and garage. Burrell twice telephoned Billy Glover, the superintendent of the City’s Sewer Department, and left voicemail messages. Burrell also sent an email message to the mayor of the City of Corinth with a photograph of the root mass in the manhole. On May 8, 2012, Glover returned Burrell’s telephone calls and informed her that it was likely that an employee of the City’s Street Department had dislodged a manhole cover while bush-hogging roadside ditch banks in the area. Glover informed Burrell that the City had removed 'the root mass from the manhole, and that he would investigate whether the City would pay for sewage cleanup at Crum’s home. Glover also informed Bur-rell that he would resubmit the cleanup bill to MS Municipal Insurance.
¶ 4. Burrell and Glover spoke again on May 25, 2012, and Glover confirmed his suspicion that recent road work by the City had “knock[ed] off the ring and manhole cover.” Glover indicated that, during heavy rains, due to the uncovered manhole, an enormous amount of rainwater had entered the sewer lines near Crum’s house, causing sewage to back up into the lines and into Crum’s house. Based on her conversation with Glover, Burrell reported that “[t]he city is going to fix [Crum’s] home.” On May 29, 2012, Bur-rell reported that she had received a letter from Glover to MS Municipal Insurance, dated May 11, 2012, and that his report to the insurer was consistent with what Glover had told her on May 25, 2012.
¶ 5. Crum filed her complaint against the City in the Circuit Court of Alcorn County on October 3, 2012. She alleged that the .City had a “duty to maintain the sewer system in such a way that [Crum’s] home is not flooded by the sewer system,” and that the City had breached its duty by failing to maintain the sewer system properly. Crum claimed that her home was irreparably damaged as a result of the City’s negligence and that she and her daughter had suffered physical illness due to the sewage overflow.
*850 ¶ 6. On. November 2, 2012, the City filed a Rule 12(b)(6) motion to dismiss Crum’s complaint. See M.R.C.P. 12(b)(6). The City claimed discretionary-function immunity: “[a]s it is well settled that the operation and. maintenance of a municipal sewage system is a discretionary function and deals with the provision of adequate governmental services, the City, is immune .... ” See Fortenberry v. City of Jackson, 71 So.3d 1196 (Miss.2011). Crum responded on March 26, 2013, that the City was not entitled to immunity because federal and state regulations rendered the City’s duty to maintain its sewage system ministerial.
¶7. A hearing was held on the City’s motion to dismiss on September 16, 2013. On October 15, 2013, the trial court granted the City’s Rule 12(b)(6) motion and dismissed Crum’s claims with prejudice, reasoning that the City was immune from suit because Crum’s claim was based on the City’s maintenance of, its sewer system, which the trial court had determined was a discretionary function under the MTCA. Aggrieved, Crum appealed that dismissal to this Court.
¶ 8. On appeal, Crum argued again that federal and state regulations imposed “a statutory and a regulatory duty to maintain the City’s, sewer system, and, when necessary, to repair any defective portion thereof.” Alternatively, Crum argued that the manhole cover’s exposure was caused, not by the exercise of a discretionary function of the City, but by the simple negligence of the bush hog operator: “the Bush Hog operator exercised no social, economic, or political policy analysis when he was cutting the grass in the ditch bank.” See Fortenberry, 71 So.3d at 1199 (The public-policy function test requires the Court to “answer two questions: 1) did the conduct or activity involve an element of choice or judgment; and if so, 2) did that choice or judgment involve social, economic, or political policy?”).
¶ 9. After briefing in this case had been completed, this Court, on December 29, 2014, handed down its decision in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014). In Brantley, we announced our abandonment of the public-policy function test. Id. (citing Little v. Miss. Dep’t of Transp., 129 So.3d 132 (Miss.2013)). We clarified the standard for judicial determination of whether a governmental entity is entitled to immunity:
[A] plaintiff may defeat sovereign immunity, even when a governmental entity’s act furthered a discretionary function or duty, when the plaintiff proves that the act also furthered a more narrow !function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority.
Brantley, 152 So.3d at 1115. In Brantley’s wake, the City sought leave to file a supplemental brief “to show why the Trial Court’s decision should be affirmed under” the new test. This Court granted the City’s motion and ordered- supplemental briefing.

STANDARD OF REVIEW

1Í10. “A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law, which is reviewed under a de novo standard.” Rose v. Tullos, 994 So.2d 734, 737 (Miss.2008) (citing Cook v. Brown, 909 So.2d 1075, 1077-78 (Miss.2005)). A Rule 12(b)(6) motion “tests the legal sufficiency of the complaint.” Little, 129 So.3d at 135 (quoting Little v. Miss. Dep’t of Human Servs., 835 So.2d 9, 10-11 (Miss.2002)). “ ‘[I]n order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be *851 proved in- support of the claim.’” Little, 129 So.3d at 135 (quoting Little, 835 So.2d at 11). When considering a. Rule 12(b)(6) motion, “[t]he allegations in the complaint must be taken as true.” Rose, 994 So.2d at 737 (citing Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893 (Miss.2006)).

DISCUSSION

¶ 11. Mississippi Rule of Civil Procedure 12(b)(6) allows dismissal when a plaintiff has failed “to state a claim upon which relief can be granted.” M.R.C.P. 12(b)(6). For the movant to prevail on a Rule 12(b)(6) motion, “ ‘there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.’ ” Little, 129 So.3d at 135 (quoting Little, 835 So.2d at 11) (emphasis added). Crum sued the City of Corinth, alleging that it had failed to maintain the 'sewer line and manhole cover, and that its failure had caused sewage to invade her home. The City moved to dismiss under Rule 12(b)(6), claiming discretionary-function immunity. Crum responded that state and federal statutes and regulations impose a ministerial duty on the City to maintain its sewer system. The issue before the Court, therefore, is whether there is any set of facts under which Crum could prevail.
¶ 12. Mississippi Administrative Code Section ll-6-1.1.4(A)(18) imposes a ministerial duty on permitted sewage system operators to properly “operate, maintain, and when necessary, promptly replace all facilities and systems of collection, treatment and control (and related appurtenances) which are installed or used by the permittee to achieve compliance with the conditions of [the] permit.” See Boroujerdi v. City of Starkville, 158 So.3d 1106, 1113 (Miss.2015). Taking as true Crum’s allegation that “[t]he backflow of sewage into [her] home was due to the fault of [the City in] not properly maintaining the sewer system and/or its, manholes and/or the City of Corinth causing the sewer system and/or manholes to flood by action of the City of Corinth and/or its employees,” it cannot be said to a certainty that Crum would not prevail under any . set of facts that could be proved in support of her claim. .
¶ 13. Under this Court’s standard for Rule 12(b)(6) dismissal, assuming that everything alleged in Crum’s complaint was true, the City bore the burden to. show that Crum would be entitled to no relief under any set of facts. Little, 129 So.3d at 135 (quoting Little, 835 So.2d at 11). It did not. Therefore, Crum has stated an adequate claim, and the trial court erred in granting the City’s motion .to dismiss.
¶ 14. But even if the dissent is correct that Crum failed to allege that the “duty was ministerial in nature, as would be required to defeat a claim of governmental immunity under the MTCA” and that Crum failed to prove, in her response to the City’s motion to dismiss, “that her injury was caused by an act done iri furtherance of some more narrow duty made ministerial by statute or regulation,” Crum ought to be given the opportunity to redraft her pleadings in accordance with this Court’s recent decisions in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014), and Boroujerdi v. City of Starkville, 158 So.3d 1106 (Miss.2015). Diss. Op. ¶ 32 (emphasis added).
¶ 15. In Brantley, the trial court granted summary judgment to the City. Brantley, 152 So.3d at 1108. This Court reversed the judgment and remanded the case to the Circuit Court of DeSoto County, holding the following:
Because this Court has injected the aspect of discretionary-function immunity into the proceedings, the plaintiff has had no opportunity to tailor -his discov *852 ery or strategy to address the possibility of a rule, regulation, or statute which may render the duty of removing a person from an ambulance a ministerial one, and thus could remove such duty from the umbrella of discretionary-function immunity. On remand, if the plaintiff can prove that the defendant was fulfilling a function or duty mandated by a specific statute, ordinance, or regulation promulgated pursuant to lawful authority, then he may proceed with his claim.
Id. at 1118.
¶ 16. In Boroujerdi, the trial court had “granted summary judgment for the City, finding that maintenance of the sewage system is a discretionary function and that the City is immune from suit pursuant to Mississippi Code Section 11 — 46—9(1)(d) and this Court’s plurality opinion in Fortenberry v. City of Jackson, 71 So.3d 1196 (Miss.2011).”[1] Boroujerdi, 158 So.3d at 1108. This Court reversed the judgment and remanded the case to the Circuit Court of Oktibbeha County, finding “that it would be patently unfair to affirm summary judgment in the City’s favor without Boroujer-di’s having an opportunity to attempt to conform his complaint and proof to this Court’s current approach to discretionary function immunity.” Id. at 1114.
¶ 17. At the time Crum filed her complaint and at the time she responded to the City’s motion to dismiss, neither Brantley nor Boroujerdi had been decided by this Court. Crum filed her complaint on October 23, 2012. Her response to the City’s motion to dismiss was filed on March 26, 2013. The trial court entered its order granting the City’s Rule 12(b)(6) Motion to Dismiss on October 23, 2013. Crum filed, her notice of appeal on November 14, 2013. This Court’s mandate in Brantley issued on December 29, 2014; our mandate in Boroujerdi issued on March 5, 2015.
¶ 18. Although this Court ordered, and the parties filed, supplemental briefing in this case to address the applicability of Brantley, Crum has not been provided the opportunity in the trial court to attempt to “conform [her] complaint and proof to this Court’s current approach to discretionary function immunity.” Boroujerdi, 158 So.3d at 1114. As the majority stated in Boroujerdi, depriving Crum of this opportunity would be “patently unfair.” Id. Even if Crum’s complaint does not adequately state a claim, the affirmance of the Rule 12(b)(6) dismissal in this case would be premature.

CONCLUSION

¶ 19. Assuming that everything alleged in Crum’s complaint was true, the City failed to show to a certainty that Crum would be entitled to no relief under any set of facts. Because Crum adequately has stated a claim, we hold that the trial court erroneously entered dismissal pursuant to Rule 12(b)(6). We therefore reverse and remand the case to the Alcorn County Circuit Court for proceedings consistent with this opinion.
¶ 20. REVERSED AND REMANDED.
KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED IN PART BY PIERCE, J. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. WALLER, C.J., *853 DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE, J. DICKINSON, P.J., AND MAXWELL, J., NOT PARTICIPATING.

. Fortenberry "specifically held that a municipality is immune from suit for negligent maintenance of its sewage system under Section 11-46-9(1 )(d) because maintaining such a system is a discretionary function of the municipality.” Boroujerdi, 158 So.3d at 1109.