RANDOLPH, Presiding Justice,
concurring in result only:
¶ 38. The plurality opinion achieves the correct result, yet “I maintain that the analysis first adopted by this Court in Jones v. Mississippi Department of Transportation[8] simplifies the inquiry and would result in more predictive results for plaintiffs and defendants alike.” Crum v. City of Corinth, 183 So.3d 847, 853 (Miss. 2016) (Randolph, P.J., concurring in result only). A Brantley[9] analysis “overcompli-cates the process of litigating a claim and places the success of a claim on the ability of the injured party’s attorney to sift-through myriad and sometimes arcane regulations — creating extra layers of proof, which may have little or no practical effect on the actual negligent act.” Id. at 854.[10] The entities entitled to immunity and their attorneys face similar obstacles, *782 for immunity could be defeated by the existence of some obscure statute, ordinance, rule, or other regulation that the entity never would have foreseen to be an issue. Brantley places little to no value on the purpose of discretionary-function immunity — -“to,prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.” Jones, 744 So.2d at 260 (quoting United States v. Gaubert, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)). We ought not second-guess policy decisions left to and properly made by a coordinate branch of government.
¶39. Jones adopted a workable test upon which the.bench and bar could analyze a discretionary-function exception to the waiver of sovereign immunity as provided by Section ll-46-9(l)(d).
The discretionary-function exceptions of the Federal Tort Claims Act and the Mississippi Tort Claims Act are practically identical.[11] For determining the application of discretionary-function immunity, the United States Supreme Court formulated the “public-policy function test.” See United States v. Gaubert, 499 U.S. 315, 322-23, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). This Court adopted the same public-policy function test in our analysis of the MTCA’s discretionary-function exception in Jones, recognizing that the provision in the MTCA was patterned after the identical provision in the FTCA.
Crum, 183 So.3d at 853-54. That foundational test remained in place for fourteen years.
¶40. Then an incremental shift occurred in Little v. Mississippi Department of Transportation, where this Court held that immunity depends on “the function performed — not the acts that are committed in furtherance of that function.” Little v. Miss. Dep’t of Transp., 129 So.3d 132, 136 (Miss.2013). The Little Court further held that, “where a statute mandates the government or its employees to act, all acts fulfilling that duty are considered mandated as well, and neither the government nor its employees enjoys immunity.” Id. at 138.
¶ 41. Just as wind and water may compromise a structural foundation, incremental changes can erode the foundational basis upon which laws are interpreted. While Little itself did not announce an abandonment of the public-policy function test, the Brantley Court later proclaimed Little stood for that principle. See Brantley, 152 So.3d at 1112-13 (“Recently, this Court effectively abandoned the public-policy function test and clarified the standard for determining whether discretionary-function immunity applies.... In reaching that decision, the Court did not rely upon the public-policy function test at all.”) (citing Little, 129 So.3d at 138).
¶ 42. Notwithstanding the original application of the public-policy function test, the Brantley Court further posited that “the Mississippi statute’s explicit language requires us to abandon the public-function test, because its language does not limit the immunity enjoyed in the exercise of a discretionary function to discretion involving policy judgments.” Id. at 1116. Two *783 months later, in Boroujerdi v. City of Starkville, this Court proclaimed that Brantley “greatly changed the manner in which this Court analyzes discretionary function immunity.” Boroujerdi v. City of Starkville, 158 So.3d 1106, 1111 (Miss.2015). The Brantley analysis claims to better effect legislative intent by “return[ing] to a strict application of Mississippi’s statutory language.” Brantley, 152 So.3d at 1112. But this claimed “return” totally ignored specific subsequent legislative acts.
The Legislature amended the MTCA after we adopted the public-policy function test in Jones and made no intimation that we had adopted an incorrect test or interpretation of the statute. See McDaniel v. Cochran, 158 So.3d 992, 1000 (Miss.2014) (“The Legislature is assumed to be aware- of judicial interpretations of its statutes, and ... we must conclude that the legislative silence amounts to acquiescence.”) (internal citations omitted). “[Ajbsent' legislative action, [our interpretations] become a part of the statute.” Id. The Legislature’s decision not to change the language of the MTCA should be honored, as should the Jones decision. Brantley inappropriately altered the legislatively endorsed test.
Crum, 183 So.3d at 853-54. See also Boroujerdi, 158 So.3d at 1115 (“A thorough review of the majority opinion reveals no mention of the Legislature’s reenactment of Section 11-46-9 eight years after this Court’s holding in Jones, which serves as evidence of the Legislature’s approval and incorporation of the public-policy function test into the statute.”) (Waller, C.J., dissenting).
¶ 43. This Court has tinkered with the immunity enigma since it was first brought before the Court. What once was a workable solution now has been jettisoned. In a series of cases, the Court has muddled the analysis, abandoned its foundation, and created a legal quagmire. The Court has rejected opportunities to return to the original analysis, instead -offering opinions bereft of standardization.. Plaintiffs and defendants, along with the trial bench and bar, deserve predictability in the application of our law. Following Brantley and its progeny, only select attorneys are able to evaluate- claims and/or defenses related to discretionary immunity. Brantley and its progeny leave our trial judges to guess randomly how their discretionary-immunity judgments will be evaluated on appeal. Brantley and its progeny leave the sovereign and its subdivisions, in many situations, unable to know, before engaging in certain conduct, whether their conduct is protected by immunity. Likewise, injured parties are left with uncertainty as to whether they may claim money damages, or whether the governmental entity is exempt from liability. See Miss.Code Ann. §§ 11-46-5(1), íl-46-9(l)(d).
¶ 44. In Boroujerdi, Chief Justice Waller lamented: “Erasing .fifteen years of precedent on this issue ... is a careless measure that will likely create chaos for -the trial bench and bar, which have a right to expect ..consistency from this Court.” Id. at 11Í6. ’
Based on the almost identical language of the MTCA and [the] FTCA, I believe there is a practical and rational basis for the Mississippi Supreme Court to interpret the MTCA’s discretionary-function exception as the United States Supreme Court has done for its identically worded federal counterpart. Consistency and clarity should be the watchwords in analyzing this heavily litigated area of law.
Brantley, 152 So.3d at 1119 (Waller, C.J., concurring in part and in result). The chaos Chief Justice Waller predicted has come to fruition. Discretionary immunity *784 is one of the most misunderstood and oft-criticized areas of law in our state. The bench and bar are regularly presented with an amalgamation of various interpretations from a multitude of justices on this Court and judges on the Court of Appeals, lacking a modicum of consistency and predictability. The need to return to the public-policy function test is self-evident.
¶ 45. “Employing the public-policy function test, we determine (1) whether the activity involved an element of choice or judgment, and if so, (2) whether that choice or judgment involved social, economic, or political policy.” Crum, 183 So.3d at 854 (citing Dancy v. E. Miss. State Hosp., 944 So.2d 10, 16 (Miss.2006)).
¶46. Applying the public-policy function test to the case sub judice, the result is the same — the trial court erred in finding the school district was entitled to discretionary-function immunity. According to Section 37-9-69,
[¾ shall be the duty of each superintendent, principal and teacher in the public schools of this state ... to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.
Miss.Code Ann. § 37-9-69 (emphasis added). Regarding bullying, “[n]o student ... shall be subjected to bullying or harassing behavior by school employees or students.” Miss.Code Ann. § 37-11-67(2). Thus, the Legislature mandated that school districts, through their employees, enforce statutes and rules related to school operation and hold students stñctly accountable for disorderly conduct on the way to and from school. One of the statutes school districts must observe and enforce is to take reasonable steps to ensure that students are not bullied by other students. As a result, the first prong of the public-policy function test is not met. Thus, I concur in the result reached by the plurality and would reverse and remand.
MAXWELL, J., JOINS THIS OPINION.

. Jones v. Miss. Dep’t of Transp., 744 So.2d 256 (Miss.1999).

. Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014).

.Many of these cases are filed by general-practice attorneys who lack familiarity with administrative and regulatory law.

. See 28 U.S.C. § 2680(a) (granting immunity for “[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part df a federal agency or an employee of the Government, whether or not the discretion involved be abused”); Miss.Code Ann. § 11 — 46—9(l)(d) (Rev.2012) (granting immunity for any claim “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused”).