DICKINSON, Presiding Justice,
for the Court:
¶ 1. While visiting the DeSoto County Civic Center, Cynthia Crider stepped in a hole that was obscured by grass. She sued the DeSoto County Convention and Visitors Bureau (the Bureau), which operates the Civic Center. The circuit judge granted summary judgment to the Bureau *1064 based on discretionary-function immunity. We affirm.
FACTS AND PROCEDURAL HISTORY
¶2. In May 2008, Crider attended a high-school graduation at the Civic Center. At the ceremony’s conclusion, Crider exited the Civic Center and proceeded across a grassy area to her car. As she crossed, Crider stepped in a hole obscured by overgrown grass. She fell and broke her ankle.
¶3. Crider sued the Bureau, alleging that it failed to maintain the grassy area in a safe condition. The Bureau moved for summary judgment, claiming it enjoyed Mississippi Code Section ll-46-9(l)(v)’s immunity from certain premises-liability claims. The Bureau then filed a supplemental motion for summary judgment, asserting discretionary-function immunity under Mississippi Code Section 11-46-9(l)(d).
¶4. In granting summary judgement, the trial judge reasoned that the Bureau enjoyed discretionary-function immunity because no statute mandated that it operate a civic center and because Crider failed to show any “laws or regulations ... which would remove the Defendants’ particular acts (or inaction) from the ‘umbrella of discretionary function immunity.’ ” Crider appealed.
ANALYSIS
¶ 5. On appeal, Crider argues that the circuit judge erred by failing to apply the governmental/proprietary function test which, she claims, precludes immunity. She further argues that the Bureau was not engaged in a discretionary function, and that .this Court should overrule its decision in Brantley v. City of Horn Lake[1] and return to the two-part, public-policy-function test. Finally, she argues that, even if the Bureau enjoyed immunity, we should hold that it waived that immunity to the extent it was covered by liability insurance.
¶ 6. This Court previously and unambiguously has held that, by enacting the Mississippi Tort Claims Act, the Legislature abrogated the governmental/proprietary function test.[2] It also divested this Court of any authority to graft Crider’s proposed liability-insurance waiver into the statute.[3] And this Court repeatedly has rejected[4] Crider’s argument that we should return to the two-part, public-policy-function test adopted by the United States Supreme Court in applying the Federal Tort Claims Act, whose provisions materially differ from the Mississippi Tort *1065 Claims Act.[5]
¶ 7. The concurrence chides the Brant-ley majority based on its erroneous belief that Section 2680 expressly incorporates Section 1346(b). This is both legally and factually incorrect.
¶ 8. Section 2680 does not “expressly incorporate” Section 1346(b), and nothing in the language of either statute suggests that Section 2680’s grant of immunity is limited to the cases mentioned in Section 1346(b). Section 2680 states:
The provisions of this chapter and section 1346(b) of this title shall not apply to:
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.[6]
¶ 9. By employing the word “and” in its opening sentence, Section 2680 exempts certain types of claims from two distinct statutory provisions: (1) the Tort Claims Act’s waiver of immunity (“this chapter”) and (2) Section 1346(b)’s grant of federal district-court jurisdiction. Conversely, our statute requires that acts occur in the course and scope of the actor’s employment before discretionary-function immunity attaches.
¶ 10. Brantley is settled law, and we reject the dissent’s apocalyptic characterization of it.[7] The only question to be addressed is whether the circuit judge properly applied its requirements to the facts of this case.[8] Because he did, we affirm.
¶ 11. Mississippi Code Section 11-46-9(l)(d) addresses discretionary-function immunity:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be hable for any claim ... [biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.[9]
¶ 12. Brantley addressed and clearly set forth the proper test for discretionary-function immunity, explaining that we first *1066 consider the broadest function involved in order to make a baseline determination of whether the overarching function is discretionary or ministerial. The Court then must examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty a ministerial one, notwithstanding that it may have been performed within the scope of a broader discretionary function.[10]
¶ 13. So, even where the State or its subdivision establishes that it was involved in an overarching discretionary function, it nevertheless may lack immunity if the plaintiff can establish that, once the State exercised its discretion to engage in the discretionary function, it was subject to some duty imposed by law, and that the State’s breach of that duty proximately caused the plaintiffs injuries and damages.[11]
¶ 14. The Bureau’s powers derive from Mississippi Code Section 17-3-29, which states in pertinent part:
A convention bureau established hereunder shall have the authority to promote tourism and convention business. In this regard, the commission is empowered:
[[Image here]]
(4) To purchase, receive, lease, or otherwise acquire, own, hold, improve, use and otherwise deal in real or personal property or enter any interest therein wherever situated, subject to the prior approval of the appointing authorities; .... [12]
¶ 15. In the broadest possible sense, the Bureau engages in an overarching discretionary function “to promote tourism and convention business.”[13] More important to this case, however, is that the statute empowers, but does not require, the Bureau “[t]o ... own, hold, improve, use and otherwise deal in real or personal property....”[14]
¶ 16. By owning and using the Civic Center, the Bureau engaged in a function the statute authorized but did not require. So the Bureau’s operation of the Civic Center was—as the circuit judge found'—a discretionary function to which immunity attached. And, as the circuit judge found, Crider failed to point to any moré narrow ministerial duty imposed by law.
CONCLUSION
¶ 17. Because the Bureau engaged in an overarching discretionary function— owning and using real property—to which immunity attached, and because the plaintiff failed to identify any more narrow ministerial function or duty imposed by law to maintain the Civic Center’s grass, the learned trial judge properly granted summary judgment for the Bureau based on discretionary-function immunity.
¶ 18. AFFIRMED.
KITCHENS, KING AND COLEMAN, JJ„ CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY BEAM, J.; WALLER, C.J., AND RANDOLPH, P.J., JOIN IN PART. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, P.J., DISSENTS WITH SEPARATE *1067 WRITTEN OPINION JOINED BY WALLER, C.J.; MAXWELL AND BEAM, JJ., JOIN IN PART.

. Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014).

. City of Tupelo v. Martin, 747 So.2d 822, 828 (Miss. 1999) (citing Parker v. City of Philadelphia, 725 So.2d 782, 784 (Miss.1998); White v. City of Tupelo, 462 So.2d 707, 708 (Miss. 1984)) (“Prior to the enactment of the MTCA, we did use the govemmental/proprietary function test in applying sovereign immunity to municipalities. However, with the enactment of the MTCA, that test is no longer applicable to claims subject to the MTCA except to the extent which it may be incorporated in the provisions of the MTCA. We find no such incorporation.”).

. State v. Heard, 246 Miss. 774, 781, 151 So.2d 417, 420 (1963) ("Ordinarily, an exception must appear plainly from the express words or necessary intendment of the statute. Where no exception in positive words is made, the presumption is the legislature intended to make none.”).

. Miss. Transp. Comm’n v. Adams, 2016 WL 3091194, *9-10 (Miss. June 2, 2016) (Maxwell, Justice, concurring); Crum v. City of Corinth, 183 So.3d 847, 853-55 (Miss.2016) (Randolph, Presiding Justice, concurring); Boroujerdi v. City of Starkville, 158 So.3d 1106, 1115-17 (Miss.2015) (Waller, Chief Justice, dissenting); Brantley, 152 So.3d at 1118—23 (Waller, Chief Justice, dissenting).

. As we pointed out in Brantley:
the Mississippi Tort Claims Act contains a requirement not present in the Federal Tort Claims Act: that the immunity attaches to a "governmental entity and its employees acting within the course and scope of their employment or duties....”
Brantley, 152 So.3d at 1112 (quoting Miss. Code Ann. § 11—46—9(l)(d) (Rev.2012)).

. 28 U.S.C. § 2680 (emphasis added).

. The dissent suggests that "[t]he sovereign State and its subdivisions are left, in many situations, unable to know, before engaging in certain conduct, whether their conduct is protected by immunity.” We reject the notion that "the sovereign and its subdivisions" are incapable of conforming their conduct to statutory and regulatory requirements. See Miss. Code Ann. § 11—46—9(l)(d) (Rev.2012).

. The dissent boldly speculates that "[Hollowing Brantley and its progeny, only a few attorneys are capable of evaluating claims and/or defenses related to discretionary immunity.” We find no difficulty in evaluating such claims, and we note that the Brantley analysis included in the learned trial judge’s order, as well as the brief submitted by counsel for the appellee, both applied the law exactly as announced in Brantley and its progeny, and were precisely correct.

. Miss.Code Ann. § 1 l-46-9(l)(d) (Rev.2012).

. Brantley, 152 So.3d at 1114-15.

. Id. at 1115.

. Miss.Code Ann. § 17-3-29(4) (Rev.2012).

. .Id.

. Id.