MAXWELL, Justice,
concurring in result only:
¶ 19. It is said that “history is written by the victors.” And today, the majority is trying to write the history of discretionary-function immunity by declaring “Brantley is settled law.”[15] Brantley, however, is not “settled law.” Rather, it is a recent departure from settled law, predicated solely on a false premise.
I. Brantley was based on a false premise.
¶ 20. Less than two years ago, Brantley was decided by a narrow five-four victory. The majority in that case abandoned longstanding precedent, opting instead to create an entirely new test for determining discretionary-function immunity. Brant-ley v. City of Horn Lake, 152 So.3d 1106, 1111-18 (Miss.2014). But the concurrence in Brantley adhered to stare decisis and advocated for this Court’s continued application of the United States Supreme Court’s two-part public-policy-function test. Id. at 1118-23 (Waller, C.J., concurring in part and in result). Since then, the “Brantley test” has drawn continuous fire.[16]
¶ 21. Most recently, in Mississippi Transportation Commission v. Adams, “I join[ed the] other voices from this court that disagree with the recent break from precedent.” Adams, 2014-IA-01419-SCT, 2016 WL 3091194, at *9 (Miss. June 2, 2016) (on rehearing) (Maxwell, J., concurring in result only). “In my view, Brant-ley marked an unwise and unworkable departure from longstanding precedent.” Id. And a prominent omission from the newly crafted Brantley test is its failure to consider whether the alleged activity involved a policy decision! ■ This undermines the very purpose of discretionary-function immunity—“to prevent judicial ‘second-guessing of legislative and administrative decisions grounded in' social, economic, and ’ political policy through the medium of an action in tort.”[17]
¶22. Moreover, as Presiding Justice Randolph has pointed out, Brantley “places the success of a claim on the ability of the injured party’s attorney to sift through myriad and sometimes arcane regulations—creating extra layers of *1068 proof,'which may have little or no practical effect on the actual negligent act.” Crum v. City of Corinth, 183 So.3d 847, 854 (Miss.2016) (Randolph, J., concurring in result only).
¶ 23. Despite these real concerns, this majority refuses to address any of Crider’s .arguments against the Brantley test. In her appeal, Crider argues this court’s “abandonment of the public policy function test in Brantley was unwarranted and improper” -for a variety of reasons. First, Crider claims the new test “ignores the U.S. -Supreme Court’s directive [in United States v. Gaubert ] that only those functions which by nature are policy decisions, whether made at the operation or planning level, should be afforded immunity.”[18] Second, she argues “the Brantley holding nullifies the very purpose of the discretionary function exemption which is to protect ‘second guessing of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort.”[19] And third, she echos the dissent in Boroujerdi, which argued the abolishment of the public-policy-function test violated stare decisis.[20]
¶ 24. Still, these truths aside, the majority dismisses Crider’s argument because, in its view, “Brantley is settled law.” But what the majority leaves out is the fact that Brantley—building on its predecessor Little[21]—itself unsettled fifteen years of precedent.

A. Discretionary Function and the Públic-Policy-Function Test

¶25. In 1999, recognizing that Section ll-46-9(l)(d) “appears to be patterned after 28 U.S.C. § 2680(a), the ‘discretionary function’ exception to the Federal Tort Claims Act,” this Court adopted the United States Supreme Court’s two-part public-policy-function test for determining discretionary-function immunity. Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (Miss.1999) (adopting the test set forth in United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)).
¶ 26. Eight years after we adopted the United States Supreme Court’s test in Jones, our Legislature reenacted Section ll-46-9(l)(d). Boroujerdi, 158 So.3d at 1115 (Waller, C.J., dissenting). This unmodified reenactment signaled the Legislature’s approval of our interpretation of the Mississippi Tort Claims Act as being patterned after the Federal Tort Claims Act. See McDaniel v. Cochran, 158 So.3d 992, 1000 (Miss.2014). And under the doctrine of stare decisis, it should have served to constrain this Court from further tinkering. See Caves v. Yarbrough, 991 So.2d 142, 154 (Miss.2008).
¶ 27. Yet, two years ago, five members of this Court decided to reassess the comparison between Section ll-46-9(l)(d) and Section 2680(a). Claiming to have found “a requirement not present in the Federal Tort Claims Act,” the five-four majority in Brantley disavowed any similarity between Section ll-46-9(l)(d) and Section 2680(a). Brantley, 152 So.3d at 1112. The majority then abolished the federal two-part public-policy-function test and, in its place, crafted a completely new test. Id. at 1112-1115. The majority in this case continues to justify using the test it invented two years ago by perpetuating the fallacy that the Federal Tort Claims Act’s “provisions *1069 materially differ from the Mississippi Tort Claims Act.” Maj. Op. 6. But when properly construed, there is no material difference.

B. Comparing the State and Federal Statutes

¶ 28. Section 11^46-9(l)(d) of the Mississippi Tort Claims Act provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abusedf.]
Miss.Code Ann. § ll-46-9(l)(d) (Rev. 2012). Its federal counterpart, Section 2680(a), is extremely similar:
The provisions of this chapter and section 1346(b) of this title shall not apply to—... [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
28 U.S.C. § 2680(a).
¶29. The Brantley majority makes much hay over the fact Section 2680 does not contain-the phrase “acting within the course and scope of their employment or duties.” Brantley, 152 So.3d at 1112 (emphasis added). It goes so far as to call it “a requirement not present in the Federal Tort Claims Act.” Id. But this is factually and legally not true.
¶ 30. First, from a purely textual perspective, Section 2680 expressly incorporates Section 1346(b) by cross-reference, reinstating immunity for claims brought under that provision. 28 U.S.C. § 2680. And guess what types of claims Section 1346(b) covers? - None other than “claims against the United States, for money damages ... • caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment [.] ” 28 U.S.C. § 1346(b) (emphasis added).
¶ 31. So by incorporating Section 1346(b), Section 2680(a) attaches immunity to claims “caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ” when those claims are “based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.” 28 U.S.C. § 1346(b); 28 U.S.C. § 2680. This is the exact same requirement found in Section ll-^6-9(l)(d), which immunizes claims against “[a] governmental entity and its employees acting within the course and scope of their employment or duties” when that claim is “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abusedf.]” Miss.Code Ann. § ll-46-9(l)(d).
¶ 32. Second, common sense rejects the notion that, by using the phrase “acting within the course and scope of their employment or duties,” our Legislature was adding a unique requirement to our Tort Claims Act and, thus, narrowing the scope of discretionary-function immunity. The majority emphasizes that “our statute requires that acts occur in the course and scope of the actor’s employment before discretionary-function immunity attaches.” Well, of course it does.
¶33. Section 11-46-9(1), like Section 2680, is about restoring sovereign immuni *1070 ty in limited circumstances. And sovereign immunity requires a “sovereign”—i.e., a government actor. By definition, to have a tort claim against a government actor, the actor must have been acting within the scope of his or her government employment or duties. Otherwise, it would not be a tort claim against a government actor. It would be a run-of-the-mill negligence claim against a person who, incidentally, happens to be employed by the government. And the Mississippi Tort Claims Act, which abolished the common-law doctrine of sovereign immunity and replaced it with statutory immunity in certain circumstances, would not come into play.
¶ 34, The Federal Tort Claims Act functions no differently. Both acts cover tort claims against the government actors. And both acts necessarily limit discretionary-function immunity to discretionary actions taken by governmental actors acting within the course and scope of their employment or duties. If anything, Section ll-46-9(l)(d)’s phrase “acting within the course or scope of their employment or duties” makes explicit what is implicit in Section 2680—because a discretionary action taken by a government employee while not acting within the course and scope of his employment or duties is just a personal decision, not attributable to the government and not eligible for the protective' cloak of sovereign immunity under either statutory scheme.
¶35. So in reality, there is no difference between the discretionary-function immunity provisions in Section 11-46-9(l)(d) and Section 2680(a)—let alone a material difference justifying abolishing the two-part public-policy-function test.
¶36. Here, when asked by Crider to return to the old test, the majority has chosen to disregard Crider’s legitimate concerns and instead further perpetuate Brantley’s false premise that our discretionary-function-immunity provision is somehow unique. In doing so, the majority misses a golden opportunity to right the ship and return to the longstanding two-part public-policy-function test. As I refuse to follow the majority down this errant path, I join the majority in result only.
II. The Bureau is still immune.
¶ 37. That said, in Crider’s case, such a return would not change the fact that the Bureau is immune.
¶ 38. As Presiding Justice Randolph points out, DeSoto County is not immune under the public-policy-function test. However, as part of our de novo review, we must affirm the grant of summary judgment “[i]f any ground raised and argued below will support the lower court’s decision.” Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1214 (Miss. 1996) (citing Kirksey v. Dye, 564 So.2d 1333, 1336-37 (Miss.1990)). And here, as the majority pointed out, discretionary-function immunity was not the only—nor even the first—ground for immunity the Bureau asserted.
¶ 39. The Bureau also argued to the trial court that it was immune under Section ll-46-9(l)(v).[22] And the undisputed *1071 facts in the record support this claim. So even if Brantley had not “greatly changed the manner in which this Court analyzes discretionary function immunity,”[23] Crider would still be facing the same result—the Visitors Bureau is entitled to' immunity.
¶ 40. For these reasons I concur in the result only.
BEAM, J., JOINS THIS OPINION. WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION IN PART.

. Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014).

. Soon after Brantley, Chief Justice Waller, joined by three justices, echoed his disapproval of the new Brantley test when it was applied in Boroujerdi. See Boroujerdi v. City of Starkville, 158 So.3d 1106, 1115-17 (Waller, C.J., dissenting). Specifically, Chief Justice Waller characterized the majority opinion -as "departing] from ... precedent without regard for the fundamental legal doctrine of stare decisis." Id. at 1115. And when the Brantley test was applied in City of Magee v. Jones, 161 So.3d 1047 (Miss.2015), Justice Pierce criticized the majority for "failfing] to appreciate the purpose” of discretionary-function immunity is "to limit judicial ‘second-guessing’ of the state Legislature.” City of Magee, 161 So.3d at 1052 (Pierce, J., dissent-tag). More recently, in Crum v. City of Corinth, 183 So.3d 847 (Miss.2016), Presiding Justice Randolph "did not agree that Brant-ley ’s test was correct when [this Court] adopted it,” Crum, 183 So.3d at 853 (Randolph, P.J., concurring in result only). Further “Brantley convolutes the process by requiring both the plaintiff and the defendant to look outside the alleged negligent act to establish immunity or lack thereof.” Id. (citing Jones, 744 So.2d at 260).

.United States v. Gaubert, 499 U.S. 315, 323, 111 S.Ct. 1267, 1273-74, 113 L.Ed.2d 335 (1991) (emphasis added) (citation omitted) (holding that, "when properly construed, the [discretionary-function] exception protects only governmental actions and decisions based on considerations of public policy”).

. See Gaubert, 499 U.S. at 323, 111 S.Ct. at 1273-74, 113 L.Ed.2d 335.

. Id.

. See Boroujerdi, 158 So.3d at 1115 (Waller, C.J., dissenting).

. Little v. Miss. Dep’t of Transp., 129 So.3d 132 (Miss.2013).

. • Under Section 11—46—9(l)(v)—
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ...
(v) Arising out of an injury caused by a dangerous condition on property of the gov-emmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a govern *1071 mental entity shall not be liable for the failure to warn of a. dangerous condition which is obvious to one exercising due care[.]
Miss.Code Ann. § 11—46—9(l)(v).

. Boroujerdi, 158 So.3d at 1111.